UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILSA B.R.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY, et al.,<br><br>Respondents. | No. 1:26-cv-09146-MKD<br><br>A# 221-095-531<br><br>ORDER DISMISSING PETITION FOR HABEAS CORPUS<br><br>**ECF No. 4** |

Petitioner, an immigration detainee at the California City Detention Center proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons discussed below, the Court dismisses the Petition without prejudice.

Petitioner is a native and citizen of Colombia who entered the United States near Eagle Pass, Texas, on July 16, 2024. ECF No. 10-4 at 2. DHS subsequently released her while removal proceedings were pending. ECF No. 10 at 2. On April 18, 2026, local law enforcement arrested Petitioner on charges of assault and domestic violence in the presence of a child. ECF No. 10-4 at 2-3. ICE took her

into immigration custody on April 20, 2026. *Id.* at 2. The criminal charges remain pending. ECF No. 12 at 1.

Petitioner previously challenged this detention through a habeas petition. On May 20, 2026, the court granted relief and required an individualized bond hearing at which the government would bear the burden of establishing, by clear and convincing evidence, that Petitioner posed a danger to the community or a risk of flight. *See* No. 1:26-cv-03609 (E.D. Cal. May 20, 2026), ECF No. 8 at 2.

An immigration judge conducted the bond hearing on June 5, 2026. ECF No. 10-7 at 1. The immigration judge denied bond because Petitioner presented "a significant flight risk such that no amount of bond or conditions would secure her future court appearances." *Id.* Petitioner appealed that determination to the Board BIA on June 19, 2026. ECF No. 10-8 at 1. That appeal remains pending. ECF No. 10 at 2.

On September 24, 2026, an immigration judge denied Petitioner's applications for relief and ordered her removed to Colombia. ECF No. 10-9 at 1, 3. Petitioner appealed that decision on October 21, 2026, and that appeal also remains pending. ECF No. 10-10 at 1; ECF No. 10 at 2.

Petitioner filed this Petition and a motion for a temporary restraining order on November 5, 2026, seeking release from immigration custody. ECF Nos. 1, 4. Respondents argue that Petitioner must complete administrative review of the bond

denial before seeking further habeas relief. ECF No. 10 at 4.

A detainee ordinarily must complete BIA review of an adverse bond determination before seeking habeas relief. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). The exhaustion requirement is "prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). It may be excused when administrative remedies are inadequate or futile or when requiring exhaustion would cause irreparable injury. *Id.* Exhaustion allows the agency to apply its expertise and correct errors that could eliminate the need for judicial intervention. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

Petitioner received an individualized custody determination and appealed the immigration judge's finding that she presented a flight risk. ECF No. 10-7 at 1; ECF No. 10-8 at 1. The pending appeal permits the BIA to review that finding and correct any errors. A favorable ruling could provide the custody relief Petitioner seeks without a decision on her constitutional claims. Those considerations favor requiring completion of the appeal. *See Puga*, 488 F.3d at 815.

Because Petitioner has not established a basis for excusing the exhaustion requirement, the Court dismisses the Petition without prejudice. *See Leonardo*, 646 F.3d at 1160-61.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DISMISSED**

**without prejudice**.

2. Petitioner's Motion for Temporary Restraining Order, **ECF No. 4**, is **DENIED as moot**.

3. The restriction on Petitioner's transfer imposed pending resolution of the Petition is **VACATED**.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Respondents and **CLOSE** this case.

DATED November 25, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE